

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 07-110-GF-SEH |
| | CV 10-026-GF-SEH |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| KENNETH HELGESON, | |
| Defendant/Movant. | |

On May 3, 2010, Defendant/Movant Kenneth Helgeson ("Helgeson"), a federal prisoner proceeding pro se, moved to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255. The motion is denied.

**Preliminary Screening**

Preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" is required. 28 U.S.C. § 2255(b); see also Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Review has been carried out.

1

## Background

On June 15, 2006, Helgeson, Brandon Crasco, and Jean Marie Brisbo LaTray were traveling around in a pickup truck on the Fort Belknap Reservation, visiting friends and drinking heavily. Several people noticed Crasco driving.

Between 4:00 and 5:00 in the afternoon, the truck left the road at high speed and crashed into an embankment. LaTray died at the scene. Crasco fled, passed out or hid, and was found about 200 yards away some time after the accident. Helgeson remained at the scene. Both sustained injuries and were taken to the hospital.

On September 24, 2007, Helgeson was indicted on one count of involuntary manslaughter, a violation of 18 U.S.C. 1112(a). Jurisdiction was based on 18 U.S.C. § 1153. Indictment (doc. 1). Chief Federal Defender Anthony Gallagher was appointed to represent him. Order (doc. 6). Trial commenced on April 29, 2008.

A Montana State Highway Patrol officer with extensive experience in accident reconstruction, who inspected the scene about three hours after the accident, testified at trial. He took statements from witnesses including Helgeson but not Crasco. Based on those statements, Crasco's leaving the scene, and some of the injuries received by Crasco, Helgeson, and LaTray, the officer provisionally

2

concluded that Crasco was driving, "pending any DNA analysis of blood from within the vehicle." Trial Tr. (doc. 76) at 112:23-24. At the time he made his report, he did not know that Crasco had a seat belt injury across his right shoulder. Id. at 79:2-9, 113:5-115:7.

Forensic analysis showed that Crasco's DNA was found "on the upper, very upper" driver's side windshield and low on the passenger-side windshield. Trial Tr. at 270:4-16. Hair embedded in an impact point on the passenger side of the windshield was Crasco's. Crasco also had an open wound on the top of his head. Id. at 132:11-24, 173:11-174:2, 202:20-25, 245:8-17. Helgeson had no injury suggesting an impact with the windshield. His blood was identified on the driver's side of the dashboard near the steering wheel. Id. at 269:21-25.

Crasco testified that he was driving throughout the day until, shortly before the accident, he pulled over to let Helgeson drive. Id. at 42:21-43:6. After the accident, he crawled over Helgeson to get out of the truck on the driver's side. Helgeson was slumped over the steering wheel. Id. at 46:3-6.

The jury convicted Helgeson. Verdict (doc. 54) at 1. On August 18, 2008, he was sentenced to serve 57 months in prison, to be followed by a three-year term of supervised release. Minutes (doc. 62); Am. Judgment (doc. 74) at 2-3.

Helgeson's conviction and sentence were affirmed on appeal. United States

3

v. Helgeson, No. 08-30303 (9th Cir. Sept. 2, 2009). Helgeson's § 2255 motion is timely.

### Helgeson's Allegations

Helgeson contends, first, that he received ineffective assistance of counsel because no accident reconstruction expert was hired. Mot. § 2255 at 4 ¶ 12A; see also Supp. (doc. 85-1) at 5. Second, he complains that Crasco committed the offenses of driving under the influence and leaving the scene of an accident yet was not charged by the FBI. Mot. § 2255 at 4-5 ¶ 12B. Finally, Helgeson claims that supervised release is not authorized for persons convicted of involuntary manslaughter. Supp. at 4.

### Analysis

#### A. Accident Reconstruction Expert

The controlling question at trial was whether Crasco or Helgeson was the driver. The expert accident reconstructionist who testified initially identified Crasco as the driver. Other evidence caused him to change his opinion. There is no reason to believe a different expert could have discovered evidence exculpating Helgeson or further implicating Crasco. The motion does not suggest Helgeson could show either unreasonable performance by counsel or prejudice. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). This claim is denied.

Helgeson also contends that his insurer, Safeco, failed to protect his interests by failing to hire an accident reconstructionist. Supp. at 5. This assertion, however, offers no basis for relief against a criminal judgment.

### B. Failure to Charge Crasco

Federal criminal jurisdiction on the Fort Belknap Reservation extends to major crimes as defined in 18 U.S.C. § 1153(a). Driving under the influence and leaving the scene of the accident are not included in the definition. Further, even if federal authorities could have charged Crasco but did not, that fact would not show that Helgeson's conviction or sentence were unlawful. Finally, the jury knew that Crasco was driving under the influence earlier in the day and that he left the scene of the accident. This claim is denied.

### C. Supervised Release

Supervised release is authorized for persons who commit involuntary manslaughter. 18 U.S.C. §§ 1112, 3559(a)(4), 3583(b)(2). This claim is denied.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a

5

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). To obtain a certificate, Helgeson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

No reasonable jurist could find merit in any of Helgeson's claims. There is no reason to believe that a different accident reconstructionist would have discovered evidence implicating Crasco or exculpating Helgeson. The jury knew that Crasco was driving under the influence earlier in the day and that he left the scene of the accident. Federal authorities had no jurisdiction to charge him with those crimes, and whether they did or did not is in any event irrelevant. Finally, supervised release is authorized for persons convicted of involuntary manslaughter. A certificate of appealability is not warranted.

**ORDERED**:

1. All claims having been denied, Helgeson's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 85) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall

immediately process the appeal if Helgeson files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 10-26-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Helgeson.

DATED this 28th day of June, 2010.

*Sam E. Haddon*
Sam E. Haddon
United States District Judge